IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMARR HAIRSTON, | ) | CASE NO. 1:04 CV 1037 |
| | ) | |
| Petitioner, | ) | JUDGE PATRICIA ANN GAUGHAN |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| MARGARET BRADSHAW, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

## I.  Introduction

Before the Court is Jamarr Hairston's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]  Petitioner Jamarr Hairston is a state prisoner at the Mansfield Correctional Institution located in Mansfield, Ohio.

For the reasons fully discussed below, the Magistrate Judge recommends that the Court dismiss the petition in part for procedural default and deny the balance of the petition on the ground that the state courts reasonably applied clearly established principles of federal law to Hairston's case.

## II.  Trial Court Proceedings

Hairston was indicted by the Cuyahoga County Grand Jury on one count of aggravated murder with a firearm specification and one count of having a weapon while

---

[1] ECF # 1.

under a disability.[2]  He entered a plea of not guilty to the indictment and subsequently waived

a jury trial on count two of the indictment, having a weapon while under a disability.  A jury

found Hairston guilty of aggravated murder with the firearm specification.  The second count

was dismissed at the request of the State.[3]  Hairston was sentenced to twenty years to life for

aggravated murder and three years for the firearm specification, to be served prior to and

consecutive to the aggravated murder sentence.[4]

### III.  Direct Appeal

Hairston, through new counsel, filed a timely notice of appeal.[5]  Hairston's brief in

the Eighth District Court of Appeals for Cuyahoga County asserted the following four

assignments of error:

> 1.    Prosecutorial misconduct deprived the Appellant of a fair trial under the Fourteenth Amendment of the U.S. Constitution.
>
> 2.    Trial counsel were ineffective under the Sixth and Fourteenth Amendments of the U.S. Constitution.
>
> 3.    There was insufficient evidence that the homicide was committed with prior calculation and design.

---

[2] ECF # 12, Ex. 1.

[3] ECF # 12, Ex. 3.

[4] ECF # 12. Ex. 4.

[5] ECF # 12, Ex. 6.

4.    The weight of the evidence does not support the verdict that the Appellant is the person who killed the victim.[6]

After thoroughly discussing each of Hairston's four assignments of error and overruling each of them, the Eighth District Court of Appeals affirmed the judgment of the trial court.[7] Hairston, through his appellate counsel, filed a motion for reconsideration.[8]  Hairston's motion was denied.[9]

Hairston, through yet another counsel, filed a notice of appeal before the Supreme Court of Ohio.[10]  Hairston raised following five propositions of law:

**Proposition of Law No. 1**:  When an appellate court finds that there is error the proper constitutional analysis requires a determination whether that error had a substantial and injurious effect on the jury's verdict.

**Proposition of Law No. 2**:  A defendant is denied due process of law and his right to present a defense when the prosecution fails to disclose a witness and a trial court refuses to take any corrective action to allow the investigation of a newly disclosed witness.

**Proposition of Law No. 3**:  A defendant is denied effective assistance of counsel where through errors and omissions defendant's right to a fair trial has been prejudiced.

---

[6] ECF # 12, Ex. 7.

[7] *Id.*; *State v. Hairston*, No. 80054, 2002 WL 31087374 (Ohio Ct. App. Sept. 19, 2002).  For the convenience of the District Judge, a copy of the Westlaw report of this decision is attached as an appendix.

[8] ECF # 12, Ex. 11.

[9] ECF # 12, Ex. 12.

[10] ECF # 12, Ex. 13.

-3-

**Proposition of Law No. 4**:   A defendant is denied due process of law when he is convicted of Aggravated Murder when there is insufficient evidence to prove prior calculation and design.

**Proposition of Law No. 5**:   A defendant is denied due process of law when the court fails to enter a judgment of acquittal where there is insufficient evidence to permit a rational fact finder to return a verdict of guilty.[11]

The Ohio Supreme Court dismissed the appeal as not involving any substantial constitutional question.[12]

## IV.   Application for Reopening Appeal

Prior to the Ohio Supreme Court dismissing the above appeal on direct review, Hairston, through the attorney representing him in the Supreme Court, filed an application for reopening under Appellate Rule 26(B).[13]   Hairston claimed ineffective assistance of appellate counsel for failing to raise the following three claims:

I.     Defendant was denied due process of law when the court diminished the requirement of proof of specific intent to cause the death as an element of aggravated murder.

II.    Defendant was denied due process of law when the court instructed the jury concerning a presumption which eliminated the requirement that the prosecution prove an element of the offense beyond a reasonable doubt.

---

[11] ECF # 12, Ex. 14.

[12] ECF # 12, Ex. 16.

[13] ECF # 12, Ex. 18.

III.  Defendant was denied effective assistance of counsel when counsel failed to object to improper jury instructions.[14]

The Eighth District Court of Appeals denied Hairston's application finding the doctrine of *res judicata* prohibited it from reopening the original appeal because the claimed errors of law were either raised or could have been raised on direct appeal.[15]  Alternatively, the court found that Hairston's claims lacked merit.[16]

Hairston filed a notice of appeal in the Ohio Supreme Court from the denial of his application to reopen.[17]  The following four propositions of law were raised in Hairston's memorandum in support of jurisdiction:

**Proposition of Law No. 1:**  A criminal defendant has been denied effective assistance of appellate counsel where appellate counsel fails to raise the issues of substance which are apparent on the face of the record.

**Proposition of Law No. 2:**  A defendant has been denied due process of law when the court diminished the requirement that the prosecution prove a specific intent to cause the death of another as an element of Aggravated Murder.

**Proposition of Law No. 3:**  A defendant is denied due process of law when the court instructs the jury concerning a presumption which eliminates the requirement that the prosecution prove an element of murder beyond a reasonable doubt.

---

[14] *Id.*

[15] ECF # 12, Ex. 20.

[16] *Id.*

[17] ECF # 12, Ex. 22.

**Proposition of Law No. 4:**  A defendant is denied effective assistance of trial counsel when trial counsel fails to object to improper jury instructions.[18]

The Ohio Supreme Court dismissed the appeal as not involving any substantial constitutional question.[19]

# V.  Federal Habeas Corpus Petition

Hairston timely filed the instant petition under 28 U.S.C. § 2254.  The petition raises the following seven grounds for relief:

**Ground One:**  Fourteenth Amendment.

**Supporting Facts:**  The Court of Appeals determined that there was error occurring during the course of petitioner's trial. However the Court of Appeals failed to apply the proper constitutional analysis to determine whether that error had a substantial and injurious effect on the jury's verdict.

**Ground Two:**  Fourteenth Amendment.

**Supporting Facts:**  Petitioner was denied due process of law and his right to present a defense when the prosecution failed to disclose a witness and the trial court refused to take any corrective action to allow an investigation of a newly disclosed witness.

**Ground Three:**  Sixth Amendment.

**Supporting Facts:**  Petitioner was denied effective assistance of counsel where counsel committed a number of errors and omissions that adversely affected petitioner's right to a fair trial.

---

[18] ECF # 12, Ex. 23.

[19] ECF # 12, Ex. 25.

-6-

**Ground Four:**   Fourteenth Amendment.

**Supporting Facts:**   Petitioner was denied due process of law when he was convicted of aggravated murder where there was insufficient evidence to prior calculation and design. Moreover there was insufficient evidence to permit a rational fact finder to return a verdict of guilty.

**Ground Five:**   Sixth Amendment.

**Supporting Facts:**    Petitioner was denied effective assistance of appellate counsel. There was a number of errors apparent upon the face of the record which were not presented in petitioner's original appeal.

**Ground Six:**   Fourteenth Amendment.

**Supporting Facts:**   Petitioner was denied due process of law when the court diminished the requirement that the prosecution prove that petitioner had a specific intent to cause the death of another which was an element of aggravated murder.

**Ground Seven:**   Fourteenth Amendment.

**Supporting Facts:**   Petitioner was denied due process of law when the court instructed the jury concerning a presumption which eliminated the requirement that prosecution prove all elements of the offense of aggravated murder beyond a reasonable doubt.[20]

# VI.   Analysis

## A.   Standards of review

Where, as here, the state contends that a petition should both be dismissed in part for a procedural default and denied in part because a constitutional claim was properly rejected

---

[20] ECF # 1.

by the state courts, the federal habeas court must employ a distinct standard of review in each

instance.

*1.      Procedural default standard of review*

In *Smith v. State of Ohio Department of Rehabilitation  and Corrections*,[21] the Sixth

Circuit recently restated the rubric for analyzing claims of procedural default:

> A petitioner for a writ of habeas corpus must meet certain procedural
> requirements to permit review of his habeas claim by a federal court.  The
> petitioner must first exhaust the remedies available in state courts by fairly
> presenting his claim to the state courts; unexhausted claims will not be
> reviewed by the federal court.  The exhaustion "requirement is satisfied when
> the highest court in the state where the petitioner was convicted has been given
> a full and fair opportunity to Rule on the petitioner's claims."  The federal
> court will not review claims that were not entertained by the state court either
> due to the petitioner's failure to raise those claims in the state court while state
> remedies were still available *or* when petitioner's failure to comply with a state
> procedural Rule prevented the state court from reaching the merits of the
> claims.

> For noncompliance with a state procedure to serve as a bar to habeas review,
> the state procedure must satisfy the standards set forth in *Maupin v. Smith*.
> First, there must be a state procedure in place that the petitioner failed to
> follow.  Second, the state court must have actually denied consideration of the
> petitioner's claim on the ground of the state procedural default.  Third, the
> state procedural Rule must be an "adequate and independent" state ground to
> preclude habeas review.  This inquiry "generally will involve an examination
> of the legitimate state interests behind the procedural Rule in light of the
> federal interest in considering federal claims."  A state procedural Rule must
> be "firmly established and regularly followed" to constitute an adequate basis
> for foreclosing habeas review. A state procedural Rule is an independent
> ground when it does not rely on federal law.  If these three factors are satisfied,
> the petitioner can overcome the procedural default by "demonstrat[ing] cause
> for the default and actual prejudice as a result of the alleged violation of

---

[21] *Smith v. State of Ohio Dept. of Rehab. & Corrs.*, __ F.3d __, No.04-4280, 2006 WL
2571395 (6th Cir. 2006).

federal law, or demonstrat[ing] that failure to consider the claims will result in a fundamental miscarriage of justice."[22]

To establish "cause" for procedural default, a habeas petitioner must show that "something *external* to the petitioner, something that cannot fairly be attributable to him[,] ..." precluded him from complying with a state procedural rule.[23] Establishing "prejudice" requires that any alleged constitutional error be shown to have worked to the petitioner's "actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions."[24] To invoke a "fundamental miscarriage of justice" as a basis for overcoming a procedural default, a petitioner must show evidence of "actual innocence," not merely legal deficiencies in the guilty verdict.[25]

Ineffective assistance of counsel may provide cause to excuse procedural default, but only if the ineffective assistance of counsel claim is itself first fairly presented to and exhausted in the state courts.[26]  However, failure to exhaust state remedies on such an ineffective-assistance-of-counsel excuse for procedural default may also itself be excused from procedural default if a federal habeas petitioner can establish cause and prejudice.[27] But

---

[22] *Id.*, at **2-3 (emphasis in original, internal citations omitted).

[23] *Coleman v. Thompson*, 501 U.S. 722, 753 (1991) (emphasis in original).

[24] *United States v. Frady*, 456 U.S. 152, 170 (1982).

[25] *Lancaster v. Adams*, 324 F.3d 423, 436 (6th Cir. 2003).

[26] *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000).

[27] *Id.*

-9-

a claim of ineffective assistance of counsel will not serve to excuse a procedural default occurring during state post-conviction proceedings since there is no right to counsel in such matters.[28]

## 2.    *State court decision on the merits standard of review*

Where a state court adjudicated the merits of a claim now asserted in a habeas petition, the controlling federal statute is plain that a federal habeas court may grant the writ only if that state decision was either contrary to clearly established federal law as determined by the United States Supreme Court or an unreasonable application of that law.[29]

In applying that statute, a federal habeas court is guided by the well-known teachings of the United States Supreme Court in *Williams v. Taylor*.[30]  As stated in *Williams*, a decision is "contrary to" clearly established federal law if "the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts."[31]  *Williams* further holds that a state court decision is an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle

_____

[28] *Coleman,* 501 U.S. at 752.

[29] 28 U.S.C. § 2254(d).

[30] *Williams v. Taylor*, 529 U.S. 362 (2000).

[31] *Id.* at 412.  *Accord*, *Broom v. Mitchell*, 441 F.3d 392, 398 (6th Cir. 2006).

from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."[32]

Williams also teaches that a federal court may not find a state decision to be "unreasonable" simply because the habeas court "concludes on its independent judgement that the relevant state-court decision applied clearly established federal law erroneously or incorrectly."[33] The test is whether the state holding was "objectively unreasonable."[34]

In addition to these standards, a federal habeas court is bound by statute to accept as correct any findings of fact by the state court, unless rebutted by clear and convincing evidence.[35] This presumption of correctness also applies to factual findings made by the state appeals court in its review of the trial record.[36] However, the presumption applies only to basic, primary facts and not to mixed questions of fact and law.[37]

## B.     Hairston has procedurally defaulted on the claim raised in his fifth ground for relief.

As noted earlier, the record establishes that Hairston first sought to raise certain issues involving decisions of the trial court and of his trial counsel in a Rule 26(B) application for

---

[32] *Williams*, 529 U.S. at 413; *Broom*, 441 F.3d at 398.

[33] *Williams*, 529 U.S. at 411.

[34] *Id*. at 409.

[35] 28 U.S.C. § 2254(e)(1).

[36] *Brumley v. Wingard*, 269 F.3d 629, 637 (6th Cir. 2001).

[37] *See*, *Mitchell v. Mason*, 325 F.3d 732, 737-38 (6th Cir. 2003).

-11-

re-opening his appeal, tendered after the Ohio Supreme Court had received and rejected a direct appeal that had not included these issues.  Hairston was represented on the Rule 26(B) application by his third counsel, the first having represented him at trial and the second on appeal to the court of appeals.  The third counsel, who began representing Hairston in the appeal to the Ohio Supreme Court, claimed in the Rule 26(B) application that this issue had not been raised earlier because the first two attorneys were ineffective.

The state argues here that because at the time of his direct appeal to the Ohio Supreme Court Hairston had different counsel from the one allegedly ineffective before the state appeals court, any claim of ineffective assistance of counsel arising from representation in the appellate court should have been raised by Hairston's new counsel before the Ohio Supreme Court.  Failure to have done that, the state maintains, resulted in the state appeals court that received the application to re-open being unable to consider the claims of alleged errors during trial, of ineffective assistance of counsel at trial, or of ineffective assistance on direct appeal because these issues were not initially presented to the Ohio Supreme Court during direct appeal.  Hairston had an opportunity and a requirement to do so with his new counsel.

Hairston, in response, makes three arguments.  First, he contends that the state appellate court's finding of *res judicata* is not supported by Ohio law.  Hairston claims that because he has a right to counsel in a Rule 26(B) application, he can excuse any error arising

in that proceeding by establishing ineffective assistance of counsel.[38] He further argues since Ohio courts have been inconsistent in determining what constitutes "good cause" to excuse untimeliness in a Rule 26(B) application, a federal habeas court should overlook any "procedural deficiencies" in his Rule 26(B) application and reach its merits.[39]  Finally, he posits that, in addition to establishing cause any default, he can also establish prejudice from failing to consider his claim of ineffective assistance of appellate counsel.[40]

As to Hairston's first response, the Sixth Circuit has expressly disagreed with Hairston's proposition that applicants in a Rule 26(B) proceeding in Ohio have a right to counsel.[41]  Moreover, in Hairston's case, he was represented in the Rule 26(B) application by an attorney, the same one who now represents him here, and was not the attorney allegedly ineffective on direct appeal to the Ohio appeals court.

More importantly, Hairston does not refute the conclusion reached by the state appeals court that denied the Rule 26(B) application that he knew or should have known the facts concerning the alleged ineffectiveness of his first appellate counsel at the time he and his second appellate counsel filed his direct appeal to the Ohio Supreme Court.  Moreover,

---

[38] ECF # 15 at 2.

[39] *Id.* at 3.

[40] *Id*.

[41] *Lopez v. Wilson,* 426 F.3d 339, 352 (6th Cir. 2004) (*en banc*).

-13-

Hairston does not present a credible argument as to why the state appeals court considering his Rule 26(B) application was incorrect in finding that *res judicata* applies here.[42]

As to Hairston's contention that Ohio courts do not consistently apply a standard for "good cause" as to excusing untimely 26(B) applications,[43] Hairston has not provided a single instance of Ohio courts failing to apply *res judicata* where a post-conviction petition contained known constitutional claims that could have been asserted on direct appeal but was not. Hairston's Rule 26(B) petition was rejected for proffering a claim that could have been earlier presented on direct appeal but wasn't, not because it was untimely filed. Attempting to raise an issue as to whether Ohio courts have a commonly applied standard for excusing untimeliness in Rule 26(B) applications is simply not relevant where timeliness was not the basis for rejecting this application.

Finally, because Hairston cannot establish cause for procedurally defaulting on his claim of ineffective assistance of appellate counsel, it is not necessary to review his argument concerning prejudice.[44]

---

[42] Hairston's reliance on *State v. Hutton*, 100 Ohio St. 3d 176, 797 N.E.2d 948 (2003) at ECF # 15 at 2 is inapposite. Hairston is here confronted by the bar of *res judicata* arising from the failure of one attorney, acting alone and without co-counsel,  to promptly raise a claim of ineffective assistance of counsel concerning a different, prior attorney. *Hutton* stands for the proposition that *res judicata* will not bar a claim of ineffective assistance of counsel where the complained-of counsel was still involved in the appeal as co-counsel where the ineffective assistance claim could first have been raised. *Hutton*, 100 Ohio St. 3d at 183, 797 N.E.2d at 957.

[43] ECF # 15 at 3.

[44] *Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982).

-14-

Accordingly, the Magistrate Judge recommends dismissing ground five of the present petition – ineffective assistance of appellate counsel – as procedurally defaulted.

## C.  Claims six and seven are either barred by res judicata or waived.

In addition, finding procedural default as to the claim of ineffective assistance of appellate counsel presented in ground five also compels the conclusion that grounds six and seven of this petition – claims that Hairston offered in his Rule 26(B) application for reopening as examples of the ineffectiveness of his appellate counsel which were never considered on the merits by the state court – must here be also considered precluded from federal habeas review.

As noted by the state court, these claims could have been presented to the state courts as independent claims on direct appeal but were not.  Therefore, like ground five, they are barred under the doctrine of *res judicata*.  Further, if Hairston should now assert that the examples of ineffectiveness he presented to the state appeals court in support of a stated claim of ineffective assistance of counsel should now be construed as independent claims, the Sixth Circuit's teaching in *Lott v. Coyle* is to the contrary.  *Lott* holds that such examples do not rise to the level of stand-alone claims and so, for purposes of habeas review, must be considered as waived.[45]

---

[45] *See, Lott v. Coyle*, 261 F.3d 594, 611-12 (6th Cir. 2001).

Therefore, the Magistrate Judge recommends that claims six and seven be dismissed as either procedurally defaulted or waived.[46]

**D.  Hairston's first and second grounds for relief should be denied since the decision of the state appeals court on the merits was not an unreasonable application of clearly established federal law.**

In his first ground for habeas relief Hairston asserts that the state appeals court did not apply the correct test in determining that Hairston was not denied a fundamentally fair trial by improper comments made by the prosecutor.  In ground two, Hairston contends that the appeals court erred in not finding that Hairston was denied due process when the state did not disclose a witness prior to trial and the trial court did not give Hairston a chance to investigate the newly disclosed witness.

The Ohio appellate court considered the claim of prosecutorial misconduct in the opening and closing statements in light of whether such statements deprived the defendant of a fair trial.  The court first concluded that a remark during opening statements that Hairston was arrested when he kept an appointment with the Cleveland Municipal Court probation office improperly left the impression with the jury that Hairston had a criminal

---

[46] The state further contends that claim seven involving jury instructions is also barred because Hairston did not contemporaneously object to the instructions. ECF # 15 at 18.  The state appeals court, while initially finding that res judicata barred this claim, also found both that no contemporaneous objection to the jury instruction was given and that the instruction given did not amount to "plain error." *Hairston*, 2003 WL 21545130 at **1-2. The Ohio court's use of alternative analysis after citing the bar of procedural default does not invalidate the use of procedural default by a federal habeas court as the ground for rejecting the claim. *Scott v. Mitchell*, 209 F.3d 854, 865 (6th Cir. 2000).

background.[47]  The appeals court then noted that the prosecutor had also improperly told the jury during closing arguments that the defense could have done its own testing for DNA on some cigarette butts found at the crime scene that were key pieces of physical evidence tying Hairston to the crime.[48]  But the appellate panel concluded that both comments, when viewed in light of the trial as a whole, did not deny Hairston a fair trial.[49]

As to the current ground two – the claim that the state failed to disclose a witness before trial and that the court then failed to give Hairston a chance to investigate the witness after she was disclosed – the appeals court found that there was no failure to disclose by the prosecutor.[50]  The appellate court found, instead, that the witness had, for reasons of personal safety, been reluctant to divulge her address during her meeting with prosecutors.[51]  As a result, the prosecutors told Hairston's counsel  prior to trial that although they wished to call this witness, they did not think they could find her.[52]

Considering first the issue of the purported failure to disclose a witness, the Magistrate Judge observes that the decision of the appeals court rested on a factual finding that no

---

[47] *Hairston*, 2002 WL 31087374, at *5.

[48] *Id*. at *6.

[49] *Id*.

[50] *Id*. at *5.

[51] *Id.*

[52] *Id.*

-17-

failure to disclose had occurred.[53]  Hairston, however, never directly seeks to disprove that finding, which is binding on the federal habeas court unless proven otherwise by clear and convincing evidence.  Instead, he alternately presents his own, different version of the facts from which he draws a different conclusion.  He then offers multiple citations to cases where courts have found, contrary to here, that there was a willful suppression of evidence by the prosecution, and so, upon that predicate, the defendant was found to have been prejudiced.[54]

In contrast to those cases, the state appeals court specifically rested its factual finding that no failure to disclose had occurred on statements by the witness to the detectives interviewing her that she did not wish for people to know where she lived and that she was surprised when she received a subpoena because she did not know how prosecutor's got her address.[55]  The court further cited to the statement of record by the prosecutor to a defense attorney, made prior to the filing of the state's supplemental discovery response, that the state intended to call Diane Gore but "I don't believe we will have a real hope of finding her."[56] From this, the state court found that the prosecution had not been willful in withholding Gore's address from the defense.[57]

---

[53] *Id*.  "On this record, we cannot find that the prosecutor willfully withheld Gore's address for defense counsel."

[54] ECF # 15 at 7-9.

[55] *Hairston*, 2002 WL 31087374, at *5.

[56] *Id*.

[57] *Id.*

Inasmuch as Hairston does not here specifically deny that any of these foundational facts were incorrect, but merely points to other facts he claims support a different conclusion, the Magistrate Judge recommends finding that there is no clear and convincing evidence that the state court was wrong in its factual finding that the prosecution did not willfully withhold Gore's address.  With that finding, there is no basis for considering Hairston's arguments as to how prejudice is determined from a different factual predicate.  The Magistrate Judge, therefore, recommends that ground two be denied.

As to ground one – the claim that the prosecutor's comments were excused according to an incorrect standard and should now be found prejudicial – the record discloses that the state court applied the proper analysis and reached a conclusion that is not an unreasonable application of clearly established federal law.

The clearly established federal law governing claims of prosecutorial misconduct was formulated by the Supreme Court in *Donnelly v. DeChristoforo*[58] and stated by the Sixth Circuit in *Hamblin v. Mitchell*[59] as follows:

> To grant relief for prosecutorial misconduct, the prosecutor's comments must be "so fundamentally unfair as to deny [the defendant] due process" based on "the totality of the circumstances." ... Specifically, our court takes into account: the degree to which the remarks complained of have a tendency to mislead the jury and to prejudice the accused; whether they are isolated or extensive; whether they were deliberately or accidentally placed before the

---

[58] *Donnelly v. DeChristoforo*, 416 U.S. 637 (1974).

[59] *Hamblin v. Mitchell*, 354 F.3d 482 (6th Cir. 2003).

-19-

jury and the strength of the competent proof to establish the guilt of the accused.[60]

The state appeals court here correctly identified these controlling principles when it concluded that the prosecutorial statements, when viewed in light of the whole trial, were isolated statements that did not mislead the jury from relying on "substantial, credible evidence" of Hairston's guilt and so did not ultimately deny him a fair trial.[61]

Hairston's argument that the prosecutorial misstatements in opening and closing arguments should have been analyzed pursuant to the "substantial and injurious effect" standard applicable to improperly admitted evidence[62] is based on an incorrect understanding of the basis for his claim.  Hairston's habeas claim is based on improper argumentative statements by the prosecutor that are not evidence, not on improperly admitted evidence.  As such, it is inapposite to apply the standard of review applicable to the former in cases involving the latter.  The state appeals court, as noted, correctly identified the clearly established federal law applicable to improper prosecutorial comments and reasonably applied it.  Accordingly, the Magistrate Judge recommends that ground one of Hairston's petition be denied.

---

[60] *Id.* at 494-95, quoting *Donnelly,* 416 U.S. at 645 (additional internal citations omitted).

[61] *Hairston*, 2002 WL 31087374, at *6.

[62] ECF #15 at 6, citing *Arizona v. Fulminante*, 499 U.S. 279 (1991).

**E.      Hairston's third ground for relief – the ineffective assistance of trial counsel – should be denied in that the state appeals court did not unreasonably apply clearly established federal law.**

Hairston asserts that his trial counsel was constitutionally ineffective in six ways:[63]

(1) his attorney was not qualified; (2) the attorney did not ask for an acquittal in his opening

statement; (3) counsel did not cross-examine a witness about her testimony that Hairston had

told her he "should kill the bitch"; (4) trial counsel did not object to improper prosecutorial

comments during opening argument; (5) counsel did not request a continuance when the state

produced Diane Gore as a witness; and (6) trial counsel did not object to jury instructions.[64]

Although Hairston cites to numerous cases, both state and federal, highlighting

ineffective assistance of counsel in particular circumstances,[65] he does not dispute the finding

by the state appeals court that the principles enunciated in *Strickland v. Washington*[66] provide

the clearly established federal law for considering claims of ineffective assistance of trial

---

[63] As the state properly observes, Hairston has sought to raise numerous examples of ineffective assistance of his trial counsel at various times.  However, only those that were mentioned during his direct appeal in his second assignment of error before the state appeals court and in the third proposition of law before the Ohio Supreme Court have been exhausted in state court and so are properly before the federal habeas court. ECF # 12 at 26. Hairston has not objected to so limiting the scope of this claim.

[64] *See*, ECF # 12 at 27-28.

[65] ECF # 15 at 10-12.

[66] *Strickland v. Washington*, 466 U.S. 668 (1984).

counsel.  The state court, relying on *State v. Campbell*,[67] an Ohio Supreme Court case

explicitly based on *Strickland*, stated the governing test as follows:

> A defendant who claims ineffective assistance must show deficient
> performance by counsel and resulting prejudice. The performance inquiry
> requires a court to ask whether, considering all the circumstances, "counsel's
> representation fell below an objective standard of reasonableness."  The court
> "must indulge a strong presumption that counsel's conduct falls within the
> wide range of reasonable professional assistance ...." The prejudice inquiry is
> "whether there is a reasonable probability that, absent the errors, the fact finder
> would have acquitted the defendant ...." "A reasonable probability is a
> probability sufficient to undermine confidence in the outcome."[68]

Applying these principles, the state appeals court initially found that upon direct

questioning by the trial judge, Hairston did not object to the participation of Jake Hildebrand,

the attorney allegedly not listed on the county's list of qualified counsel.[69] This consent,

according to the appeals court,  operated as a waiver of any later claim that Hildebrand was

unqualified.[70] More importantly, the appeals court noted that John Hildebrand, Sr. and David

Grant were Hairston's actual assigned counsel, not Jake Hildebrand. Thus, there can be no

claim that Jake Hildebrand was *per se* ineffective because of his purported lack of

qualifications since he was not counsel of record.[71]

---

[67] *State v. Campbell*, 69 Ohio St. 3d 38, 630 N.E.2d 339 (1994).

[68] *Hairston*, 2002 WL 31087374, at *6, quoting *Campbell*, 69 Ohio St. 3d at 43, 630 N.E.2d at 346, quoting *Strickland*, 466 U.S. at 688.

[69] *Id.* at *6.

[70] *Id.*

[71] *Id.*

The Ohio appeals court then noted that in his opening statement Jake Hildebrand asked the jury to return a "true verdict," which the court interpreted within the context of a defense counsel's opening argument as a request for a "not guilty" verdict.[72]  The appellate panel further noted that, in general, decisions as to trial tactics and strategy are not grounds for finding ineffective assistance and so the decision not to cross-examine Arletta Leggett, without more, did not here establish ineffective assistance.[73]

As to the failure of trial counsel to object to improper prosecutorial remarks in the opening statement, the state appeals decision initially confirms that the remarks were improper.[74] However, it further observes that the trial judge tempered any potential prejudice by instructing the jury that opening statements are not evidence and reminding the jury of the accused's right not to testify.[75] It also emphasized that in light of the evidence of guilt adduced at trial, Hairston was not prejudiced by an isolated improper comment by the prosecutor.[76]

Similarly, the state appeals court found no prejudice in any failure by Hairston's trial counsel to seek a continuance in the matter of Diane Gore since there was nothing to indicate

---

[72] *Id*. at *7.

[73] *Id.*

[74] *Id.*

[75] *Id.*

[76] *Id.*

that a continuance would have actually benefitted Hairston.[77]  Moreover, the decision to seek or not seek a continuance is a strategic decision that, without more, will not form the basis for maintaining a claim of ineffective assistance of counsel.[78]

Likewise, because the jury instructions to which Hairston believes counsel should have objected were, as determined by the Ohio appeals court, correct as a matter of Ohio law,[79] the court concluded that there was no basis for grounding a claim of ineffective assistance of counsel on any failure to object to those instructions.[80]

Hairston here, as noted, does not contend that *Strickland* is an incorrect standard in evaluating claims of ineffective assistance of trial counsel.  Moreover, as also noted, Hairston attempts to contest the particular conclusions of the state appeals court here by merely citing to individual cases where courts have reached a different conclusion in matters involving broadly the same subject.[81]  However, Hairston does not complete his argument by showing

---

[77] *Id.*

[78] *Id.*

[79] Hairston argues that the instructions were not correct as a matter of Ohio law. ECF # 15 at 11-12.  However, since ordinarily errors of state law do not rise to the level of a violation of the federal constitution and thus grounds for the Writ, *see*, *Engle v. Isaac*, 456 U.S. 107 (1982), a petitioner must show that the erroneous instruction "by itself so infected the entire trial that the resulting conviction violates due process." *Cupp v. Naughten*, 414 U.S. 141, 147 (1973).  Hairston has not attempted to make that showing.  Consequently, without such a showing, the finding by the state court that the jury instructions here were correct as a matter of state law is beyond the scope of review by a federal habeas court.

[80] *Hairston*, 2002 WL 31087374, at **7-8.

[81] ECF # 15 at 10-12.

how, using the analytical framework of *Strickland*, the state appellate panel improperly arrived at the conclusions it did as to each purported example of ineffective assistance in the particular facts of this case.

Accordingly, the Magistrate Judge recommends finding that the state appeals court correctly recognized the clearly established federal law applicable to claims of ineffective assistance of trial counsel and did not unreasonably apply that law to the claims in this petition.  Therefore, it is further recommended that Hairston's third ground for relief be denied.

**F.**   **Hairston's fourth ground for relief – that there was insufficient evidence of guilt – should be denied since the state appeals court found it without merit by reasonably applying the applicable clearly established federal law**.

In his fourth ground for habeas relief, Hairston contends that there was insufficient evidence to sustain his conviction for aggravated murder.  Specifically, he argues that there was no proof of prior calculation and design, which are necessary elements of the crime under Ohio law.[82]  Hairston reasons that because there was no direct evidence of this element and the state had to rely on circumstantial evidence, such circumstantial evidence was necessarily speculative and so could not establish that element "beyond a reasonable doubt", thus producing a constitutionally inadequate verdict.[83]

---

[82] *Id*. at 12.

[83] *Id*. at 12-13.

In assessing a claim of insufficient evidence, a federal habeas court looks to the rule pronounced in *Jackson v. Virginia*[84] which holds that the writ may issue only if "upon the record of evidence adduced at trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt."[85]  This is precisely the same rule announced by the Ohio Supreme Court in *State v. Jenks*,[86] which was cited to and relied upon by the state appeals court here.[87] Therefore, the state appeals court did correctly identify the clearly established federal law applicable to this claim.

In applying this standard, it is well-settled that a reviewing court must not itself weigh the evidence, but must resolve any conflicts in the testimony in favor of the prosecution.[88] Circumstantial evidence may support a finding of guilt.[89]  In addition, the prosecution is not required to "Rule out every hypothesis except that of guilt."[90]

Since a finding of sufficiency of the evidence is a mixed question of law and fact, the final conclusion of the state appeals court in that regard is not entitled to a presumption of correctness, but is evaluated as to whether it involved an unreasonable application of clearly

---

[84] *Jackson v. Virginia*, 443 U.S. 307 (1979).

[85] *Id.* at 324.

[86] *State v. Jenks*, 61 Ohio St. 3d 259, 574 N.E.2d 492 (1991).

[87] *Hairston*, 2002 WL 31087374, at *8.

[88] *Herrera v. Collins*, 506 U.S. 390, 401-02 (1993).

[89] *McKenzie v. Smith*, 326 F.3d 721, 727 (6th Cir. 2003).

[90] *Walker v. Russell*, 57 F.3d 472, 475 (6th Cir. 1995).

established federal law.  However, determinations of the credibility of a witness, which may form a part of mixed question of fact and law, are entitled to special deference.[91]  Moreover, the trier of fact is entitled to draw reasonable inferences from primary facts to ultimate facts and such findings will not be disturbed by the federal habeas court.[92]

Here, the state appellate panel specifically examined the sufficiency of the proof for the element of prior calculation and design according to the principles of clearly established federal law as follows:

> The evidence indicated that appellant threatened Nicole [the victim] with a gun several times before she was murdered.  Shortly after appellant learned that Nicole had stolen drugs from him, he demanded that she return the drugs, showing her his gun and stating, "I am not playing with you all." He then took Nicole out of the apartment for approximately ten minutes and apparently threatened her again, because when she returned, she was upset and crying and called her mother to come pick her up.

> The evidence also indicate that appellant made his intentions to kill Nicole well-known.  Appellant told Arletta Leggett about the dispute with Nicole over his drugs and told her he "should kill the bitch."  He also threatened Yvonne Moses that he was going to "serve" her and Nicole on January 1, a statement that Moses interpreted to mean that appellant was going to "do some type of bodily harm to me and Nicole."

> The evidence also indicated that Yvonne and Harold saw appellant on the second floor of the Wade Park Chateau as they were leaving the building on the night of Nicole's murder.  The evidence further demonstrated that appellant, who usually carried a gun, did, in fact, have a gun that night. Finally, the evidence indicated that Nicole was shot not once but three times.

---

[91] *Patton v. Yount*, 467 U.S. 1025, 1038 (1984).

[92] *Herrera*, 506 U.S. at 402.

-27-

The jury could have reasonably inferred from this evidence that appellant thought about shooting Nicole for some time prior to her death, took the gun with him to Wade Park Chateau with the intention to use it when an opportunity presented itself, and then seized the opportunity to kill Nicole when he knew Yvonne Moses and her friends had left the building.  Therefore, the jury could have reasonably found the required element of "prior calculation and design."[93]

Applying the rule in *Williams*, the Magistrate Judge recommends a finding that the state appeals court correctly identified the controlling principles of clearly established federal law applicable to claims of insufficient evidence.  In addition, the Magistrate Judge further recommends a finding that the state panel was not unreasonable in concluding that, when viewed most favorably to the state and allowing for all reasonable favorable inferences to be drawn, there was sufficient evidence for the jury to conclude that Hairston had acted with prior calculation and design in the murder of Nicole Small.  Therefore, this ground for habeas relief should be denied.

## VII.   Conclusion

For the foregoing reasons, the Magistrate Judge recommends that the petition for habeas relief filed by Jamarr Hairston not be granted but, rather, denied in part and dismissed in part as specified herein.

Dated:  September 28, 2006                         s/ William H. Baughman, Jr.
                                                   United States Magistrate Judge

---

[93] *Hairston*, 2002 WL 31087374, at *9.

**Objections**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.[94]

---

[94] *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).